UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

INGINIO HERNANDEZ,

Plaintiff,

v.

RENEE BAKER et al.,

Defendants.

Case No. 3:14-cv-00307-MMD-WGC

ORDER

**I.   DISCUSSION**

On August 6, 2014, this Court issued a screening order dismissing the amended complaint in its entirety for failure to state a claim but granted leave to amend. (Dkt. no. 5 at 10.) This Court ordered Plaintiff to file a second amended complaint within thirty (30) days of the date of that order and forewarned Plaintiff that the failure to do so would result in the action being dismissed with prejudice for failure to state a claim. (*Id.*) Plaintiff did not file a second amended complaint or otherwise respond to this Court's order. On September 11, 2014, this Court dismissed the case with prejudice for failure to file a second amended complaint and for failure to state a claim. (Dkt. no. 7.) The Clerk of the Court entered judgment accordingly. (Dkt. no. 8.)

On September 12, 2014, Plaintiff filed a document entitled "motion for dismissal on that basis be this case upon." (Dkt. no. 9.) In the motion, Plaintiff appears to allege that his case should be reopened because he did not have the assistance of persons trained in the law and because he is illiterate. (*Id.* at 1-2.) Alternatively, Plaintiff may be asking for the appointment of counsel. (*See id.*)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion to reopen his case and/or appointment of counsel. The Court notes that Plaintiff never filed a motion for appointment of counsel while the case was open. Additionally, Plaintiff failed to contact the Court within the thiry (30) day period given to him to file a second amended complaint. As such, the motion to reopen is denied.

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that the "motion for dismissal on that basis be this case upon" (dkt. no. 9), which the Court interprets as either a motion to reopen the case and/or motion for appointment of counsel, is denied.

DATED THIS 18th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE